[No. F063363. Fifth Dist. June 12, 2012.]

In re F.D., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Appellant, v.
F.D., Defendant and Respondent.

## COUNSEL

Phillip J. Cline, District Attorney, Shani D. Jenkins, Assistant District Attorney, Janet E. Wise, Philip W. Esbenshade and John F. Sliney, Deputy District Attorneys, for Plaintiff and Appellant.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**WISEMAN, Acting P. J.**—This case presents the question of whether Proposition 21 abolished probation without any confinement time as a disposition in juvenile delinquency proceedings which the prosecutor had the option of filing directly in adult court, but chose to file in juvenile court. It is unnecessary for us to answer that question, however, because here the juvenile court imposed a 30-day juvenile hall commitment in addition to probation. We reject the People's contention that the juvenile hall commitment did not count because the court also granted the minor 30 days' credit for time served and ordered him immediately to begin serving his probation in the custody of his mother. We affirm the judgment.

### *FACTUAL AND PROCEDURAL HISTORIES*

As part of a plea bargain, F.D. admitted charges of assault by means of force likely to cause great bodily injury for the benefit of a criminal street gang (Pen. Code, §§ 245, subd. (a)(1), 186.22, subd. (b)), second degree burglary (Pen. Code, § 459), and disobeying an antigang injunction (Pen. Code, § 166, former subd. (a)(9)). Two other counts were dismissed. He was 16 at the time of the offenses.

The probation officer recommended probation: "In regards to dispositional alternatives, the Probation Department strongly considered a commitment to the Tulare County Youth Facility (YF). It appears the minor would benefit from the treatment, training and counseling available at the Youth Facility (YF). However, the minor has never been on formal probation and has not had the opportunity to redirect his behavior under the supervision of a probation officer. The probation officer will make regular contacts with the minor and his family, provide additional support and supervision for the minor, assist in linking the minor with agencies and services to address his needs and issues, and monitor the minor's compliance with his terms and conditions of probation. Therefore, such a commitment was determined to be unwarranted at this time."

The prosecutor objected to this proposed disposition. He argued that Welfare and Institutions Code section 707, subdivision (d)(5),[1] required a custodial commitment and that the 31 days he had already served when he was initially detained on these charges should not be counted as a custodial commitment.

Section 707, subdivision (d)(5), provides: "For an offense for which the prosecutor may file the accusatory pleading in a court of criminal jurisdiction pursuant to this subdivision, but elects instead to file a petition in the juvenile court, if the minor is subsequently found to be a person described in subdivision (a) of Section 602, the minor shall be committed to placement in a juvenile hall, ranch camp, forestry camp, boot camp, or secure juvenile home pursuant to Section 730, or in any institution operated by the Department of Corrections and Rehabilitation, Division of Juvenile Facilities." This provision was a part of Proposition 21, adopted by the electorate in 2000. (Prop. 21, § 26.)[2]

■ F.D.'s case fell within the scope of section 707, subdivision (d)(5). Section 707, subdivision (d)(1), states that a prosecutor may file in adult court if the minor is 16 years or older at the time of an alleged offense enumerated in section 707, subdivision (b). F.D. was 16, and assault by means of force likely to cause great bodily injury is enumerated at section 707, subdivision (b)(14).

The court rejected the prosecutor's argument and imposed probation. It also stated, "I am going to order that he serve 30 days in the Youth Facility with credit for 30 days served." The Tulare County District Attorney filed this appeal on behalf of the People, and repeats the arguments made in the juvenile court.

## *DISCUSSION*

■ Section 707, subdivision (d)(5), appears on its face to require confinement as part of the disposition in every case governed by section 707, subdivision (d)(1). (See *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 581, fn. 14 [117 Cal.Rptr.2d 168, 41 P.3d 3] [listing § 707, subd. (d)(5), among provisions of Prop. 21 that preserve judicial discretion, and describing subdivision as "requiring the juvenile court to choose among particular dispositions for minors who are found to have committed certain offenses"].) There are no published cases interpreting section 707, subdivision (d)(5),

---

[1] Subsequent statutory references are to the Welfare and Institutions Code unless noted otherwise.

[2] The text of Proposition 21 can be found online at <http://primary2000.sos.ca.gov/VoterGuide/Propositions/21text.htm> (as of June 12, 2012).

however, and very few unpublished ones. As far as we can tell, the specific question presented here has never been litigated at the appellate level before. The People contend that probation alone is an unauthorized disposition in a case governed by the subdivision, and F.D. argues the opposite.

We need not adopt either party's position in this case. The juvenile court did not impose probation alone; it imposed probation and 30 days' confinement in the Tulare County Probation Youth Facility. This means that, even if the People are right that section 707, subdivision (d)(5), required a commitment to a locked facility, there was no unauthorized disposition. The People do not suggest that a disposition imposing confinement *and* probation violates section 707, subdivision (d)(5).

■ The People do argue, as they did in the trial court, that the confinement in this case does not count because F.D. had already served it at the time of the disposition hearing. In other words, they say section 707, subdivision (d)(5)'s commitment requirement cannot be satisfied by time served. Their argument is based on the words "subsequently" and "placement" in the phrase "if the minor is subsequently found to be a person described in subdivision (a) of Section 602, the minor shall be committed to placement . . . ." (§ 707, subd. (d)(5).) The People say, "This *placement* requirement cannot be met by custody which *precedes* the jurisdictional finding and disposition where the minor is declared a ward and placement is ordered."

■ On this point, the People are incorrect for two reasons. First, their interpretation is not consistent with the plain meaning of the words on which the People focus. (*People v. Bartlett* (1990) 226 Cal.App.3d 244, 250 [276 Cal.Rptr. 460] [we resort to other methods of statutory interpretation only to extent that words are unclear].) The word "subsequently" in the statute has nothing to do with when the minor serves the time imposed. The statute merely says that if the prosecutor files a petition and the court later ("subsequently") sustains it, then the minor "shall be committed." Obviously, every petition that is sustained is sustained subsequent to its filing by the prosecutor. There also is no basis for the People's view that a commitment covered by credit for time served is not a "placement." Before the court made its dispositional order, the 30 days in question were mere pretrial detention; they were no part of the disposition of the case. After the court made its order, those 30 days became a juvenile hall placement that formed one part of the disposition. The fact that the 30 days had already been served is irrelevant. In a juvenile proceeding, no less than in a criminal one, being held in a secure facility pretrial becomes a consequence of the offense after the People's charges are sustained and the court imposes incarceration with credit for time served.

■ Second, the People's position on this point would lead to absurd consequences. (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1003 [111 Cal.Rptr.2d 564, 30 P.3d 57] [statutory interpretations that lead to absurd consequences should be avoided].) Under the People's interpretation of the statute, if a minor has been held in pretrial detention for 30 days and the juvenile court finds that an appropriate disposition includes confinement for 45 days, the court could impose another 15 days and the disposition would be authorized. If the pretrial detention was already 45 days, however, the court would be required to impose more time, even if all the other facts were the same. This additional time would be mandatory even if it would serve no rehabilitative or penal purpose. Further, the court could satisfy this arbitrary requirement by making a pro forma order requiring an additional day or hour of confinement. This cannot be the intention of the statute.

■ In sum, the People's proposed rule banning time-served dispositions in section 707, subdivision (d)(5), cases has no basis in the words of the statute or in logic.

## *DISPOSITION*

The judgment is affirmed.

Cornell, J., and Kane, J., concurred.